ABNER W. OFFINEER, Respondent, v. BROTHERHOOD OF AMERICAN YEOMEN, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. **BENEFIT SOCIETIES: Warranties: Essential Matters.** The provision of a benefit certificate in regard to warranties are construed and it is held that to avoid the certificate the misrepresentation must relate to some matter essential to the risk.

2. ——: ——: ——: **Instruction.** Where there is a conflict between the provisions of a certificate or room for construction, an interpretation putting the obligation of a warranty upon the assured should be avoided.

Appeal from Morgan Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*D. E. Wray* and *William Forman* for appellant.

(1) A warranty in an insurance policy on the assessment plan must be strictly complied with. No inquiry can be allowed into the materiality or immateriality of the fact warranted. The warranty is in the nature of a condition precedent. (2) The insured stated he had not consulted or been treated by a physician in thirty years, and these statements were untrue. Held, that this was a breach of the warranty. Aloe v. Life Assn., 147 Mo. 561; Ins. Co. v. France, 91 U. S. 510. (3) The representations made by the deceased are, by the terms of the applications and policies, made warranties, and the plaintiff's own evidence shows beyond all doubt that the representations were untrue, the plaintiff must fail. Hanford v. Ben. Assn., 122 Mo. 50-60.

*John F. Gibbs* and *Joel D. Hubbard* for respondent.

(1) The answer of the insured in the application is a representation and not a warranty. The contract in question being a policy of insurance on the assessment plan, "the question whether or not the declarations and representations of the insured are warranties must be determined from the contract itself, read in connection with what is referred to and made a part of it, and in the light of all the facts and circumstances." Jacobs v. Life Assn., 142 Mo. 60. (2) Stipulations in contracts of insurance are strictly construed against the party in whose favor they are made, and if possible, so as to prevent a forfeiture. Hoffman v. Indem. Co., 56 Mo. App. 301; Grattan v. Ins. Co., 80 N. Y. 281, 36 Am. Rep. 617. (3) "In case of doubt whether a statement or stipulation is a warranty, or merely a representation, the latter construction will be given. To be given the former, it must be clear that

it was so intended.'' 11 Am. and Eng. Ency. of Law (1 Ed.), p. 294, and cases cited in note 5. (4) The contract in question requiring only that the representations be essentially true, this construction will be given it; and the statements are representations and not warranties. And this is true, notwithstanding another clause of the contract provides that the policy shall be null and void in case any of the statements ''upon the full faith of which it is issued, shall be found to be untrue in any respect.'' Moulor v. Ins. Co., 111 U. S. 335.

ELLISON, J.—This action is based on an accident benefit insurance policy. The plaintiff prevailed in the trial court.

Plaintiff claimed the loss of one of his eyes by an accident. The sole defense is misrepresentation of matters connected with the condition of his eyes when insured and prior to that time, which misrepresentations, defendant contends, were warranted to be true. The certificate contained the following provisions in reference to warranties and representations:

''First. That the statements in the application of said member and his answers in the medical examination, a copy of which appears upon the back hereof and which is hereby made a part of this agreement, are true in every particular, and shall be held to be strict warranties and shall, with the by-laws of this association, form the only basis of this contract and for the liability of the order under this certificate, the same as if fully set forth herein.''

''I further agree that in the event of my having concealed, misrepresented or suppressed any facts as to my personal or family history, as to disease or habits or physical condition or my own condition now or in the past, which shall be found to be essential in considering my risk, the certificate to be issued hereon shall be null and void, at the election of the society is-

suing the same, and in such event I agree to forfeit both such certificate and all payments I shall have made thereon.''

Interpreting the entire provision, we conclude, notwithstanding the positive language in the forepart of the foregoing quotation, that a misrepresentation to be an effectual bar to plaintiff must be one that was ''essential'' or material to the risk. We must allow some material and substantial force to the words, ''which shall be found *essential* in considering my risk.''

The plaintiff's case showed that he was a carpenter and while engaged in his work some foreign substance struck him in the eye in consequence of which it became necessary to take out his eye. The question of whether the representations made by plaintiff to defendant when he took out his insurance was properly and clearly submitted to the jury and we will not disturb the finding.

In Moulor v. Ins. Co., 111 U. S. 335, it was held that when a policy of insurance contains contradictory provisions, or has been so framed as to leave room for construction rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should avoid a construction which would put upon the assured the objection of a warranty.

The judgment should be affirmed. All concur.